## TREAKLE *v.* VAUGHAN.

Opinion delivered May 27, 1907.

1. WITNESS—CROSS-EXAMINATION.—Where an attorney suing for professional services testified that he made his charge as a whole for the entire services, without itemizing them, it was not error for the court, on cross-examination, to refuse to require plaintiff to itemize the charges. (Page 261.)

2. STATUTE OF FRAUDS—PROMISE TO PAY ANOTHER'S DEBT.—Where the vendees of certain land agreed to pay for the making of an abstract of the title thereof, if the vendor failed to do so, it was not error to charge the jury that the vendees were not liable therefor unless the agreement was in writing, or unless it was an original undertaking on the part of the vendees. (Page 262.)

Appeal from Sevier Circuit Court; *David B. Sain,* Special Judge; reversed in part.

George Vaughan and the Vaughan Abstract Company, a corporation, sued Edward M. Treakle, Burt Johnson and H. C.

Towson, partners under the firm name and style of the Southern Orchard Planting Association, to recover for certain abstracts of title prepared by plaintiffs at the instance of defendants, amounting to $162, and also for certain legal services rendered and expenses incurred, at defendants' instance, in perfecting the title to the lands covered by the abstracts, aggregating $150. It was alleged that George Vaughan was assignee of whatever claim the Vaughan Abstract Company held against defendants.

Defendants denied that the abstracts were prepared, or that the services were rendered, on their behalf, and alleged that they were rendered on behalf of anothr party, the Detroit Timber and Lumber Company, which sold the lands to defendants. They also alleged as a counterclaim that plaintiff George Vaughan was indebted to them in the sum of $50.

Verdict was rendered for the plaintiff Vaughan for the sum of three hundred dollars, less fifty dollars in his possession, against the defendants, who have appealed from the judgment against them. They assign as errors:

(1) The court erred in refusing to compel George Vaughan, while under cross-examination, to testify as to the value of the several items entering into his claim for legal services rendered in perfecting the titles.

(2) The verdict of the jury was contrary to the evidence.

(3) The court erred in modifying instruction No. 8, asked by the defendants, by adding thereto the words, "unless it was an original undertaking on the part of the defendants." This instruction, as given, was as follows:

"8. The court instructs the jury that if you find and believe from the evidence that defendant Edward M. Treakle, personally, or as an officer of the co-partnership known as the Southern Orchard Planting Association, composed of said Edward M. Treakle, Burt Johnson and H. C. Towson, agreed with plaintiff that said Edward M. Treakle, individually, or said co-partnership, would be responsible for the payment of services claimed by plaintiff to have been rendered by him, in case the Detroit Timber & Lumber Company did not pay plaintiff for said services, your finding must then be for said defendants Edward M. Treakle, individually, and also for said co-partnership composed of E. M. Treakle, Burt Johnson and H. C. Towson, un-

less you further find that said agreement was in writing, *or unless it was an original undertaking on the part of the defendants.*"

After the judgment for $250 was rendered in favor of George Vaughan, the court allowed an offset of $50 in favor of defendants for a sum admitted to be in plaintiff Vaughan's hands. Vaughan has taken a cross-appeal from this allowance.

*J. S. Lake* and *James M. Chaney, Jr.,* for appellants.

1. It was error to refuse to require appellee George Vaughan to testify as to the value of the several items entering into his claim of $127 for legal services, such items being upon different tracts of land, the services being rendered at different times and being readily distinguishable.

2. The verdict in this case calls for an application of the rule of this court that "a new trial will be granted where the verdict is so clearly against the weight of evidence as to shock the sense of justice of a reasonable person." 70 Ark. 385; 10 Ark. 492; 34 Ark. 632.

3. It was error to modify the eighth instruction by adding the words "or unless it was an original undertaking on the part of the defendants." As originally asked, the instruction is based upon the statute of frauds, and the evidence did not warrant the court in submitting to the jury the question whether the alleged promise was an original undertaking. The promise relied on is upon its face a collateral undertaking. 12 Ark. 178; 20 Cyc. 180; 28 Mo. App. 399, 406.

*Hal L. Norwood* and *Vaughan & Vaughan,* for appellees.

1. Appellee's charge for legal service and expenses is, as a whole, not challenged as excessive, and it was properly submitted to the jury, whose finding that it was reasonable and just ought not to be disturbed.

2. It was for the jury to pass upon the weight of the evidence, and it is legally sufficient to sustain their verdict.

3. It was proper for the court to submit to the jury the question of the application of the statute of frauds; hence the eighth instruction was properly modified. The presence or absence of the elements necessary to bring a case within the statute of frauds is purely a question of fact, and it is for the jury

to say whether the promise is original or collateral. 20 Cyc. 321, note 4; Brandt on Sureties, § 89; 55 N. Y. 650; 87 Ill. 18; 105 Mass. 443; 52 Mo. 180; 29 Vt. 209; 5 Abb. Prac. (N. Y.) N. S. 49; 17 Ill. 88; 13 Allen, 136; 55 Ind. 203; 3 Metc. (Mass.) 396; Smith on Fraud, § § 317, 318, 327, 343.

4. The court erred in rendering judgment on cross-complaint for $50 against appellees.

HILL, C. J. The Reporter will state the facts and the different questions discussed will be taken up in their order.

1. Mr. Vaughan rendered a bill against defendants in the court below, who are appellees here, for $312, of which $162 was for preparing eleven abstracts of title and $150 was for "fee for perfecting title to all of above lands, recording the necessary deeds, exemplifications, redeeming lands, etc." Mr. Vaughan is an attorney, as well as an abstracter, and the latter fee charged was for various services performed in perfecting title to the various tracts described in the eleven abstracts which he had prepared, and including items of expense amounting to $33, which left his charge for legal services $127. During the course of the cross-examination of Mr. Vaughan, appellants attempted to make him state in detail what his services were worth for the various and divers items making up the entire bill—for instance, what charge he may have made for procuring a certain affidavit, or procuring a quitclaim deed from a certain person. He said he did not make up his bill by considering each service separately, but that he had made his charge as a whole for the entire services, including expenses that he had been put to in procuring the evidence necessary to perfect the titles. His services included correspondence, the securing of affidavits, quitclaim deeds, satisfaction of mortgages, procuring patents and such matters. He said that he could not remember in detail just how much time he was put to in the different matters; some of them he recalled, and some he did not. The appellants insisted that he take each item in detail and state separately its value and the expense attendant upon it. The court made this ruling, to which exception is taken: "I am going to let him go into detail and state what he did. As far as the amount, if he don't know, I am not going to make him state it." The purpose of cross-examination is to bring out and

develop the truth of the issue, and is not to be used for the purpose of harassing a witness or carrying subjects to their extreme points, and is under the sound judicial discretion of the trial judge. There was no abuse of that discretion in stopping the cross-examination at the point it was stopped, and that is as far as this court inquires in such matters.

2. It has been strongly pressed upon the court in the brief and in oral argument that the verdict is contrary to the evidence on two vital points. The court has given the evidence careful consideration, and especially upon the lines where it is attacked most strongly, and is unable to agree with the contention of the appellants upon this proposition. It is true that the preponderance in number of witnesses is against Mr. Vaughan, and in some instances his testimony is inconsistent with the letters that were passing between the parties at the time. But Mr. Vaughan has given his explanation of the inconsistencies, and these explanations have satisfied the jury of their truth. These were all questions for the jury, and not for the court, beyond weighing the sufficiency, if true, of Mr. Vaughan's testimony, and the court finds it sufficient to support the verdict.

3. A modification of the 8th instruction is attacked. This modification added to the instruction as asked by appellants this qualification, "or unless it was an original undertaking on the part of the defendants." Appellants contend that the instruction without this modification was predicated squarely upon the statute of frauds, and that the evidence did not warrant the court in submitting to the jury the question as to whether the promise was an original undertaking. The substance of Mr. Vaughan's testimony upon the undertaking is thus quoted: "They said: 'If Clark & Ferguson won't pay you, we will pay you.'" "I wish to say that right then, relying on Mr. Treakle's promise to see that I was to be paid for my work, I went home and went to work." "Mr. Treakle said that if these people, the Detroit Timber & Lumber Company [the same company otherwise referred to as Clark & Ferguson], didn't pay me for the work he would." Appellants' vendors had furnished them with a mere chain of title, which Mr. Vaughan had prepared at the instance of said vendors in that form, and it was unsatisfactory to appellants. They wanted full and com-

plete abstracts. It is shown that the abstracts furnished by Mr. Vaughan were desired by the appellants, primarily, to be satisfied of the title to the lands that they were purchasing, and, secondarily, to be used by them to furnish abstracts to their vendees. They purchased large tracts of land which they intended to sell off in smaller bodies, and they have carried out that plan, and in making sales they would make copies from Mr. Vaughan's abstracts so far as they relate to the property to be sold, and then have those copies certified as correct; and they contemplated this use of them when they required full and perfect abstracts.

The jury might well have found that it was beneficial to the appellants to have these abstracts made in the way that they desired them, and that the promise to Vaughan to pay for them if their vendors did not pay would be an original consideration directly beneficial to them.

This view of the evidence would bring the case within the decision of *Long* v. *McDaniel,* 76 Ark. 292. It would be useless to review the principles that were therein discussed. The court is satisfied of their correctness and of their applicability to this case. The modification of the instruction was evidently made to make it conform to the opinion in the Long-McDaniel case, and it was correct, and presented the proper issue to the jury, and there was sufficient evidence to sustain the verdict upon it.

4. Appellees prosecute an appeal from the judgment on the counterclaim. The appellants, Treakle, Johnson, and Towson, formed a partnership known as the Southern Orchard Planting Association. This afterwards became the Southern Orchard Planting Company, a corporation, and it succeeded to all the assets of the partnership. The corporation in its answer presented a counterclaim against Vaughan for $50, which he owed it as successor to the partnership for money which the partnership had advanced to him in another matter. This charge was undisputed. The jury rendered the following verdict: "We, the jury, find for the plaintiff $300, less $50 now in the possession of the plaintiff, against E. M. Treakle, Burt Johnson and H. C. Towson, composing the Southern Orchard Planting Association," and judgment for $250 in favor of

Vaughan was entered upon it. The court gave judgment on the counterclaim in favor of the corporation against Vaughan for $50. This was error. The $50 had been charged against Vaughan in the verdict of the jury, and judgment rendered against him on the counterclaim made a double charge against him for the same item. To have been entirely regular, the court should have rendered judgment in his favor against the partners for $300 and judgment against him in favor of the corporation for $50. The corporation has no greater right to this fund than its predecessor, the partnership, had. It merely succeeded to whatever rights the partnership had to such debt against Vaughan, and after the partnership collects the debt surely the corporation can not collect it again. The judgment on the counterclaim against Vaughan is reversed. That leaves in force the judgment of $250 in favor of him and effectuates the verdict of the jury which intended that he should be paid $300 for his services less $50 for this debt to these parties. The jury erroneously said it belonged to the partnership, and credited the partnership with it, but it had passed to the corporation.

The order, therefore, is that the judgment for $250 against appellant is affirmed, and the judgment for fifty dollars on the counterclaim of the Southern Orchard Planting Company against Vaughan is reversed.