## MILLSAPS *v.* NIXON.

### Opinion delivered February 26, 1912.

1. FRAUDS, STATUTE OF—GUARANTY.—In determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded; and in determining such intention the words of the promise, the situation of the parties and all the circumstances attending the transaction should be taken into consideration. (Page 437.)

2.   SAME—CONTRACT HELD A GUARANTY WHEN.—Where plaintiff sued appellee and his codefendant on an account for goods which he admits were sold to the latter, claiming that appellee stood good for them, the court properly directed a verdict for appellee. (Page 438.)

3.   APPEAL AND ERROR—HARMLESS ERROR.—Where the judgment of the trial court was correct, the cause will be affirmed, though such judgment was based upon an erroneous reason. (Page 439.)

Appeal from Van Buren Circuit Court; *George W. Read,* Judge; affirmed.

### STATEMENT BY THE COURT.

The plaintiffs, Millsaps, Hatchett & Co., brought this suit before a justice of the peace against O. P. Nixon and Sam Boone. There were no writtten pleadings in the case. Upon a trial *de novo* in the circuit court, the record shows the following:

"Plaintiffs claimed that defendant Nixon had promised plaintiffs to pay for goods sold and delivered to defendant Boone; that Boone was Nixon's tenant; that Nixon was personally benefited by the sale of the goods to Boone; that the proceeds of Boone's crop passed through the hands of Nixon that the goods were sold to Boone on the faith of the solvency of Nixon; and that Nixon did not deny that he was liable on said account when called upon to pay same.

Defendants deny any promise on Nixon's part to see that said account was, paid, and they also relied upon the statute of frauds.

While the opening statement was being made by the attorney for defendant O. P. Nixon, the court on its own motion stopped further proceedings before the jury and directed the stenographer to take down the following statement:

"BY THE COURT: The. court finds in this case that the goods sued for by plaintiffs were furnished the defendant, Sam Boone, and charged upon the. books of the company to Sam Boone and on the right of the name of Sam Boone, the words 'O. P. Nixon stands;' that this appears as charging the goods to Sam Boone, making him liable for the same, and that the same could not be considered as charging the goods primarily to O. P. Nixon, the defendant O. P. Nixon having denied ever promising to pay for these goods prior to or at the time of the sale, or at any other time, and also pleads the statute of

frauds; that in this case it is immaterial as to whether Nixon promised to pay for the goods or not; that the manner in which the goods were bought was such as to bring the promise of Nixon, if made, within the statute of frauds."

The court then directed a verdict for the defendant Nixon, and the plaintiffs have appealed.

*Appellants, pro se.*

1. The court erred in holding that the mere charging of plaintiffs' account to defendant, Boone, was conclusive that defendant Nixon's promise to pay was within the statute of frauds. All the facts and circumstances must be taken into account. A mere charge upon the seller's book is not conclusive. 8 Am. & Eng. Law. 679, note 4; 88 Ark. 592; 12 *Id.* 174; 76 *Id.* 293.

2. It is for the jury to say whether the promise is original or collateral. 20 Cyc. 321; 87 Ill. 18; 52 Mo. 180; 83 Ark. 258; 76 *Id.* 292; 88 *Id.* 592; 12 *Id.* 174.

3. It was error to direct a verdict for defendant. 88 Ark. 592; 12 *Id.* 174.

*Fraser & Fraser,* for appellee Nixon.

1. It is proper to direct a verdict for defendant if, giving the evidence its strongest probative force, plaintiff failed, upon any reasonable view of the evidence, to establish a cause of action. 88 Ark. 510; 71 *Id.* 445; 76 *Id.* 520; 91 *Id.* 337; 93 *Id.* 561; 95 *Id.* 560.

2. Nixon's promise was collateral and within the statute of frauds. 76 Ark. 292; 12 *Id.* 174; 83 *Id.* 258; 20 Cyc. 165, 321; 36 Mich. 61; 39 N. H. 259; 85 Mass. (3 Allen) 540; 127 Ala. 240; 52 Pac. 908; 78 Mo. App. 234; 93 Neb. 943; 54 Atl. 1058; 54 N. Y. S. 221.

HART, J., (after stating the facts). The first claim by counsel for the plaintiffs is that this case is controlled by the principles announced in *Long* v. *McDaniel*, 76 Ark. 292, and *Treakel* v. *Vaughan*, 83 Ark. 258; but we can not agree with their contention. In *Long* v. *McDaniel* there was a promise by the owner of the building to pay for the plumbing and material used in repairing it, if the lessee did not. This was held to be an original promise because of the interest of the owner of the building in the performance of the contract.

In *Treakel* v. *Vaughan*, *supra*, a promise to an attorney by the purchaser of real estate that he would pay him for preparing the abstracts and statements of title to the property which he contemplated purchasing if the vendor did not, was held to be an original promise, upon which the promisor was liable. This conclusion was also based upon the fact that the vendee had a beneficial interest in the performance of the work by the attorney. Here the primary object of Nixon was not to subserve or promote his own interest. The mere fact that he had an interest in the performance of his tenant's contract can not determine his liabiltiy to be that of an original promisor.

It is the settled law in this State that in determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded; and in determining such intention the words of the promise, the situation of the parties and all of the circumstances attending the transaction should be taken into consideration. *Kurtz* v. *Adams*, 12 Ark. 174; *Swaboda* v. *Throgmorton-Bruce Co.*, 88 Ark. 592.

Tested by this rule, it is contended by counsel for the plaintiffs that the court erred in directing a verdict for the defendant Nixon; but we can not agree with this contention. All of the facts stated by counsel in their opening statement were considered by the court as proved and were taken as true. The court then found that the promise of Nixon was a collateral agreement to answer for the debt of Boone, and was therefore, within the statute of frauds. The fact stated by counsel and taken by the court as true showed that on the book account of the transaction the charge was made to Boone, and on the right of the name of Sam Boone were the words: "O. P. Nixon stands." It also appears that both Nixon and Boone were sued in this suit.

While, as contended by counsel for plaintiff, these facts are not conclusive against them, because they were susceptible of explanation and might be rebutted by testimony tending to show to whom the credit was originally given, still it will be noted that no explanation was offered by the plaintiff. On the other hand, plaintiffs' counsel stated that the goods were sold to Boone, and that the defendant Nixon had promised to pay for them. This statement, when taken in connection

with the book charge and the fact that the plaintiffs also sued
Boone, establishes conclusively that the real substance of
the transaction was that the plaintiff did not intend to look
solely to Nixon in the first instnace for payment, but rather
intended to look to him as surety.   It is true the court based
its reasons for directing the verdict upon the fact of the book
charges, but we are not concerned with the reasoning of the
court.   A judgment may be correct, although based on mis-
taken reasons.   Upon the facts stated and taken as true, the
court was right in directing a verdict, and the judgment must
stand, although a wrong reason was given.

Judgment will be affirmed.