## CLEVELAND *v.* MADDOX.

Opinion delivered March 27, 1922.

1. WITNESSES—PRIVILEGED COMMUNICATIONS.—The statute declaring physicians and trained nurses to be privileged from disclosing information acquired in a professional character (Crawford & Moses' Dig., § 4149) has no application to testimony of a nurse as to a conference between defendant and plaintiff, who was a physician, as to an agreement to pay for a surgical operation.

2. FRAUDS—STATUTE OF—ORIGINAL OR COLLATERAL UNDERTAKING.— Where plaintiff testified that defendant employed him to perform a surgical operation on his adult son, and told plaintiff that he would pay the bill, it was error to direct a verdict for defendant; the evidence being sufficient to sustain a finding that defendant's undertaking was an original one.

Appeal from White Circuit Court, *J. M. Jackson,* Judge; reversed.

*Culbert L. Pearce,* for appellant.

The court erred in directing a verdict for the defendant.

On appeal from a directed verdict, this court will view the evidence in the light most favorable to the opposite party. 94 Ark. 530; 73 Ark. 561; 76 Ark. 520; 105 Ark. 136; 120 Ark. 206.

The suit is based on an original undertaking. The statute of frauds has no application. 76 Ark. 1; 102 Ark. 407; 40 Ark. 429; 76 Ark. 292; 93 Ark. 277; 15 L. R. A. (N. S.) 214; 36 Ala. 596; 113 Am. St. Rep. 73; 5 Idaho 314; 41 Ill. 213.

In ascertaining to whom credit was extended, the intention of the parties must govern. 141 U. S. 479, and if the language of the contract is ambiguous, the intention should be determined by the jury. 37 Ala. 577; 77 Ga. 542; 11 Ind. 414; 128 Mass. 165.

If the object of the promissor was to subserve his own purpose, the promise will be treated as original. 6 Mo. App. 370; 35 U. S. L. Ed. 826; 9 Ann. Cas. 895.

McCULLOCH, C. J. Appellant is a practicing physician and surgeon and instituted this action against appel-

lee to recover on an account for professional services rendered to appellee. A portion of the account is undisputed, but there is an item of $180 for appellant's services in a surgical operation on appellee's son, and on the trial of the case before a jury the court directed a verdict against appellant on this item of the account. No testimony was adduced by appellee, and the peremptory instruction was based upon the claim that appellant's own testimony failed to make out a case not within the statute of frauds.

Concerning the disputed item, appellant testified that appellee's son was ill, and that a surgical operation became necessary, and that appellee agreed to pay the fee for the operation and other expenses thereof. He testified that the arrangements for the performance of the operation were made entirely by appellee and not by his son.

The testimony shows that appellee's son was a grown man with a family.

Appellant's statement on this subject, among others, was as follows:

"In the first place, Jack Maddox, the patient, never consulted me at all about it. Mr. Maddox did all the consulting, made all the arrangements and guaranteed to pay it; that is, he said he would pay the bill."

In another part of his testimony he stated that appellee said: "Do what you think best for the boy, and I will pay the bill." He testified that, after the operation was over and proved to be successful, appellee promised to borrow the money and pay the bill, but later stated that his wife refused to sign the mortgage; that subsequently he denied liability on the bill.

Appellant also offered to prove by a nurse who attended young Maddox at the time of the operation that she was present at the time of the conference between appellant and appellee, and that the latter agreed to pay all the charges for the operation on his son. This testimony was excluded by the court from consideration of

the jury. The court erred in excluding this testimony, and likewise erred in giving the peremptory instruction to the jury.

The statute declaring physicians and trained nurses to be privileged from compulsion as witnesses concerning certain kinds of testimony has no application. Crawford & Moses' Digest, § 4149.

The evidence was sufficient to show an original undertaking on the part of appellee to pay the bill for surgical services rendered to appellee's son. Appellant stated the agreement in different language, and it was a question for the jury to draw the inference from the language used as to whether the contract, if there was one entered into between the parties, was an original undertaking or a collateral one within the statute of frauds. *Millsaps* v. *Nixon,* 102 Ark. 435; *Grady* v. *Dierks Lbr. & Coal Co.,* 149 Ark. 306; *Saul* v. *Bass, post* 584.

There being sufficient evidence to warrant a finding that there was an agreement on appellee's part in regard to appellant's bill for services and that it constituted an original undertaking, the issue should have been submitted to the jury under appropriate instructions.

The judgment is therefore reversed, and the cause remanded for a new trial.