## Doss v. Gephart.

4-4064

Opinion delivered December 9, 1935.

*Ross Mathis*, for appellant.

*Jonas F. Dyson*, for appellee.

Johnson, C. J. This action was brought by appellees, Mrs. Jewell Gephart, executrix of the estate of Dr. R. T. Gephart, deceased, and Dr. W. T. Wilkins, against appellant, C. T. Doss, to recover judgment for services rendered as physicians during the years 1930 and 1931, aggregating $271.

The testimony adduced in behalf of appellees, when viewed in the light most favorable to them, as we are required to do under repeated opinions of this court, is to the following effect: Appellant owns and operates a farm situated in Woodruff County, upon which reside a number of tenants or share-croppers. Dr. Gephart, the husband of appellee, Mrs. Jewell Gephart, died in 1931, but prior thereto was a practicing physician in the vicinity of appellant's farm. Beginning about the year 1920, Dr. Gephart, deceased, began rendering professional services to appellant and his tenants, and these professional serv-

ices were continued up to and until his death, at which time the total charges for such services were the sum heretofore stated. Dr. Gephart kept these accounts by what is known as the "card system," and the accounts reflect that the actual book charges were as follows: "Doss Farm," then specifically to the tenants to whom the professional services were actually rendered. At various times between 1920 and 1930 statements of tenants' accounts were rendered by Dr. Gephart to appellant, and the sums called for therein were promptly paid by appellant. Substantially, this is all the competent testimony adduced by appellees in support of their contentions that the professional services rendered by Dr. Gephart and Dr. Wilkins were so rendered at the special instance and request of appellant. The testimony referred to above is wholly insufficient to support the judgment of liability. The charges made by Dr. Gephart in his bookkeeping system were in effect against tenants and not against appellant. The charge, "Doss Farm," was not in fact a charge against appellant, but was merely an identification used for the purpose of locating the tenants to whom the charges were actually made, and the mere fact that appellant paid to Dr. Gephart sums due by his tenants would not render appellant liable for all other sums not due, and neither would such circumstances be sufficient to infer a contract therefrom.

Appellees rely upon *Grayson Lumber Co.* v. *Talley,* 190 Ark. 37, 76 S. W. (2d) 950, as support for the recovery, but such is not its effect. There positive testimony was adduced establishing the contract of hire, whereas in the instant case there is no testimony showing or tending to show that Dr. Gephart rendered professional services at the instance or request of appellant.

The question of differentiating between an original undertaking and a collateral promise as presented and decided in *Millsaps* v. *Nixon,* 102 Ark. 435, 144 S. W. 915, and *Grady* v. *Dierks Lumber Co.,* 149 Ark. 306, 232 S. W. 23, is not presented in this record for consideration, as the sole question here is: Is the testimony sufficient to show an original undertaking on the part of appellant to

pay for the professional services rendered to his tenants?

There being no substantial testimony to support the verdict of the jury and the consequent judgment, the cause will be reversed and dismissed.