## FRANK M TOTTEN v. DANIEL BURHANS.

*Sale—False representations—Evidence—Damages.*

1. It is immaterial whether a false representation is made innocently or fraudulently, if, by its means, the party to whom it is made is injured; citing *Holcomb v. Noble*, 69 Mich. 396.

2. In an action to recover damages alleged to have been sustained by reason of the false representation of the defendant that

certain accounts purchased of him were good and collectible, the evidence should be confined to the question whether the accounts were good and collectible, and worth 100 cents on a dollar, at the time of the purchase, the amount collected by the plaintiff, and whether or not the remainder could have been collected by due diligence on his part.

3. The only damages the plaintiff could recover would be the difference between the face value of the accounts and what they were actually worth, with legal interest from the date of the commencement of the suit.

Error to Shiawassee. (Newton, J.) Argued April 22, 1892. Decided May 6, 1892.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*S. F. Smith* and *G. R. Lyon,* for plaintiff.

MORSE, C. J. The plaintiff commenced suit in the circuit court for the county of Shiawassee against the defendant in trespass on the case, claiming damages for fraud, and recovered verdict and judgment for $1,237.80.

Totten on the 4th day of February, 1889, bought out the interest of Burhans in the Owosso Cigar & Candy Company, a copartnership doing business at Owosso. Adelbert Chase at the time of his purchase was a partner with Burhans, and after the sale continued as a partner of Totten. Chase had but little money in the concern, but traveled for the firm; and it would seem put his services and experience against the money of Totten, as the record shows, from plaintiff's testimony as well as other evidence, that he was an equal partner in the profits of the business.

The declaration alleged the fraud to have consisted in the representations of Burhans that the business of said Owosso Cigar & Candy Company, for a long time prior

to said sale of his interest to plaintiff, had been "a good, profitable, paying, and remunerative business," and that Burhans and Chase had realized, and were then receiving, large profits from such business, and that said plaintiff could not fail to receive $2,000 net profits per year from such business; and that certain accounts and demands belonging to said company against divers persons, customers of said company, amounting to the sum of $7,000, purchased by said plaintiff with said business, were good and collectible, and actually owing to said firm or company; that they would be paid promptly, and were all and each of them worth their face value, dollar for dollar. The declaration further alleged the falsity of these representations, and that, by means of the premises, the defendant defrauded the plaintiff, so that he not only lost the money he paid to purchase defendant's interest, to wit, $2,000, but was deprived of his good and fair reputation as a business man, and was damaged by the loss of the accounts not collectible and his labor and services for one year.

The testimony shows that Totten paid $2,000 down, which was about the value of the Burhans' interest in the stock on hand, received from Burhans between $6,000 and $7,000 worth of accounts, and agreed to and did assume the old indebtedness of the firm to about the sum of $7,000. After running the business about a year, plaintiff sold out to Burhans, to whom the firm was indebted for indorsements, losing his $2,000, and being indebted besides in a large sum of money on account of the business, which had proven unprofitable under his management.

The court instructed the jury that the only damages that the plaintiff could recover would be the difference between the accounts turned out to him as good, worth

dollar for dollar, and what they were actually worth, with 6 per cent. interest from date of commencement of suit.

Under the declaration in the case, and the facts as shown by the plaintiff's own testimony, the only fraud he could legally complain of was in relation to these accounts. The evidence failed to show that the business was unprofitable before he purchased defendant's interest, and the court rightly held that he could not recover for injury to his business reputation. For this $2,000 he received an equivalent in the goods on hand.

It follows, therefore, that the evidence in the case should have been confined to the matter of these accounts, whether they were good and collectible, worth a hundred cents on the dollar, at the time plaintiff purchased them, what amount of them were collected by the plaintiff, and whether or not the balance could have been collected by due diligence on the part of plaintiff. But the inquiry went outside of this plain issue, against the repeated objections of defendant's counsel. It was error to permit plaintiff to show how he conducted the business after he purchased Burhans' interest, and Burhans' connection with such business, except in so far as the collection of these accounts was concerned; also that Burhans had his office in the building, and that plaintiff counseled with him in the management of the business.

The sale of the business back again to Burhans, and the details of such transaction, had no legitimate place in the case, and no bearing upon any proper issue in it. The admission of this testimony, which forms a principal part of the record before us, was evidently prejudicial to defendant.

It is claimed that there was no evidence tending to show that any of the accounts purchased by plaintiff

were not good and collectible; but, as all of the testimony in the case is not returned, we are not able to say that the court below erred in not directing a verdict for the defendant. The fact that all of the .testimony, or the substance of it, is not returned upon any particular subject, disposes also of the claim made in this Court,— the record is silent as to its being made in the court below,—that one-half of these accounts belonged to Chase, and that plaintiff was allowed to recover the full amount of them. There is some testimony tending to show that Totten had bought out Chase before the resale to Burhans, and also that Chase had but a nominal interest in the partnership. There was no error in the charge of the circuit judge.

The rule of law is well settled in this State since the case of *Holcomb v. Noble*, 69 Mich. 396, that it is immaterial whether a false representation is made innocently or fraudulently, if, by its means, the plaintiff is injured. Therefore it made no difference in this case whether Burhans knew that any of these accounts were not good, or supposed them to be all good. If, in fact, any of them were not good, and plaintiff lost money thereby, then there was a legal fraud, for which defendant was responsible. And if any of the accounts so purchased by plaintiff had been paid, the defendant must make them good.

The judgment is reversed, and new trial granted, with costs of this Court to defendant.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, J., took no part in the decision.