## JOSLYN v. CADILLAC AUTOMOBILE CO.

(Circuit Court of Appeals, Sixth Circuit. March 8, 1910.)

No. 1998.

1. EVIDENCE (§§ 244, 265*)—ADMISSIONS BY CORPORATE AGENT—STATEMENTS MADE AFTER TRANSACTION—WEIGHT AND EFFECT.

A statement made by the general sales manager of a corporation defendant that an automobile made by it and sold to plaintiff would not develop the horse power represented to plaintiff when the sale was made

by 20 per cent., as an admission by defendant, was competent but not conclusive evidence of the fact stated.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936, 1029–1050; Dec. Dig. §§ 244, 265.*]

**2. SALES (§ 398\*)—ACTION BY BUYER TO RECOVER PRICE—MISREPRESENTATION —WHEN QUESTION FOR JURY.**

In an action by the purchaser of an automobile to recover the ·purchase price paid, on an attempted rescission of the contract for misrepresentation inducing the sale, the question whether the machine would develop the horse power represented is one of fact for the jury, notwithstanding the testimony of experts as to the theoretical horse power which would be developed by an engine of the dimensions of that sold.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 398.*]

**3. APPEAL AND ERROR (§ 854\*)—REVIEW—CORRECT DECISION BASED ON ERRONEOUS GROUNDS.**

A judgment will not be reversed because of the direction of a verdict on an erroneous ground if it was proper on other grounds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3408; Dec. Dig. § 854.*]

**4. PRINCIPAL AND AGENT (§ 92\*)—CONTRACT · CREATING RELATION—GENERAL SALES MANAGER OF CORPORATION.**

The relation of principal and agent exists as to third persons between a manufacturing corporation and one employed by it as its general sales manager.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 92.*]

**5. SALES (§ 38\*)—RESCISSION BY BUYER—GROUNDS—MATERIAL MISREPRESENTATION INDUCING CONTRACT.**

A contract of sale, although it contains no warranty of the article sold, may be rescinded by the buyer for a material misrepresentation by the seller external to the contract with respect to the article sold, of which he was also the manufacturer, which induced the contract and was made for that purpose, whether or not such representation was in fact known by the seller to be false.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

**6. SALES (§ 130\*)—RIGHT OF BUYER TO RESCIND—ACQUIESCENCE AND WAIVER.**

Acquiescence and waiver,· when set up to defeat the right of a buyer to rescind a contract of sale, are always questions of fact, with the burden of proof resting upon the defendant.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 130.*]

**7. SALES (§ 121\*)—RIGHT OF BUYER TO RESCIND—WAIVER.**

The exercise by a buyer of acts of ownership over the article bought, which are inconsistent with the right to rescind the contract, constitute a waiver of such right.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 296–301; Dec. Dig. § 121.*]

**8. PRINCIPAL AND AGENT (§ 121\*)—EVIDENCE OF AGENT'S AUTHORITY—TESTIMONY OF AGENT.**

The rule that statements made by an alleged agent are· not competent as against his ·principal to prove his authority as agent does not apply to his testimony as a witness on the trial in which such authority is in issue.

[Ed. Note.—For other cases, see Principal and Agent, ·Cent. Dig. §§ 416–419; Dec. Dig. § 121.*]

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by George A. Joslyn against the Cadillac Automobile Company. Judgment for defendant, and plaintiff brings error. Reversed.

P. B. Moody and C. D. Joslyn, for plaintiff in error.
Harrison Geer, for defendant in error.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. The plaintiff in error brought suit against the defendant for the recovery of the purchase price of an automobile claimed to have been bought by plaintiff from defendant; plaintiff having elected to rescind the purchase by reason of certain alleged false and material representations claimed to have induced the sale. There was a jury trial. The judge submitted to the jury the questions of fact involved, but later instructed a verdict for defendant. The apparent ground of this direction is that in the opinion of the court there was no substantial evidence that the automobile did not fully meet the alleged representations.

The alleged misrepresentations relied on, so far as material here, were that the engine would develop 30 horse power and that it would weigh about 400 pounds less than proved to be its weight. We may dismiss from consideration the question of weight, for the reason that the declaration contains no allegation of misrepresentation in this regard, and the court below was not asked to submit such question to the jury.

In our opinion, the learned judge was in error in holding that there was no testimony that the car did not have 30 horse power. There was testimony to the effect that Mr. Metzger, the defendant's sales manager, directly admitted to plaintiff, after the controversy over the power of the car had arisen, that defendant had turned out 150 cars of the type in question supposing that they had 30 horse power, but had found that they would develop but 24 horse power; that accordingly defendant was getting out some new parts, by way of additions, which it was thought would add from 15 per cent. to 20 per cent. to the power, and would so bring it up to 30 horse power; that there had been trouble and complaints over quite a number of these cars, and that the defendant claimed that its next year's model, which embraced the additions referred to, had about 30 horse power. The plaintiff also offered certain testimony, which was rejected, by way of comparison of the power of the car in question with another car of a lower rated power. It is alleged that this statement of the sales manager was shown to have been merely his personal opinion; that upon the trial he disclaimed the possession of expert knowledge at the time of the making of the admission referred to, and testified that he had since found that the car would develop 30 horse power; and it is insisted that the prior admission had thus no force as evidence of the fact. But not only is the testimony referred to susceptible of the construction that the defendant had actually ascertained the fact of the deficiency in power, but the defendant and those by whom it speaks are presumed to have knowledge of the power of the machine which the defendant manufactures and sells. The admission in question must be held

177 F.—55

competent, although not conclusive, evidence of the fact of the alleged deficiency in power.

It is also urged that the expert testimony on both sides shows that an engine of the type in question, with a 4⅜ inch cylinder and a 5 inch stroke, is bound to develop 30 horse power. But there was testimony tending to show that this proposition is only theoretically true; that is to say, that it is true only when all of numerous conditions are normal and perfect. In our opinion, the power of the machine was a question of fact for the jury.

This conclusion, however, does not work a reversal of the judgment provided, as is contended by defendant, the verdict might properly have been directed in its favor upon other grounds. Currier v. Dartmouth College, 117 Fed. 44, 54 C. C. A. 430; Latting v. Owosso Manf'g Co., 148 Fed. 369, 78 C. C. A. 183.

It is earnestly contended by defendant that the testimony showed beyond dispute that plaintiff did not purchase the car from defendant, but that he bought it from Metzger, in his capacity as local seller of defendant's cars in Detroit and vicinity. There was positive and express testimony to that effect, supported by the undisputed facts, among others, that the order was addressed to Metzger personally, the invoice issued in his name, and the purchase price paid directly to him. On the other hand, there was testimony tending to show that the sale of the automobile proper, as distinguished from certain accessories, was made by defendant through Metzger as its general sales manager; such testimony embracing, among other things, correspondence with plaintiff both by defendant and Metzger, recognizing the sale of the machine as made by the defendant itself, and the latter as the one under duty to satisfy plaintiff; the fact that defendant sent its own expert to Omaha to put the car in condition; the fact that Meigs, who is alleged to have participated in making the sale, was in the sole employ of the defendant; that Metzger's retail agency extended by its terms only to sales in Detroit and vicinity, and thus not, on its face, to a sale to an Omaha customer; as well as testimony that the reason the car was billed through Metzger was, in the opinion of the witness Meigs, "that a discount was given to plaintiff off the list price, and it was thought best because of agency arrangements to bill it through Metzger's company, to avoid trouble arising from the discount."

That under Metzger's contract and employment as sales manager the relation of principal and agent was created between him and defendant is clear. Wheaton v. Cadillac Automobile Co., 143 Mich. 21, 106 N. W. 399; Willcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627, 12 Sup. Ct. 94, 35 L. Ed. 882. The substantial question is, in which relation—that of sales manager or retail dealer— the contract with plaintiff was made. This was obviously a question of fact for the jury.

It is further urged by defendant that there is no competent evidence of the making of any misrepresentations by defendant justifying a rescission of the contract of sale; that the written contract contains no warranty or representation whatever, the reference in the order

to the machine contracted for being merely "one model D. Cadillac four car, aluminum body, etc."; that the provision in the contract that "no verbal or other agreement or promise not clearly specified in this order will be recognized" forbids parol proof of representations adding to the terms of the written contract; and that, even if a warranty can be predicated upon the language of the advertising pamphlet, which refers to the model D. as "four cylinder, vertical 30 H. P., 4¾ inch bore by 5 inch stroke" (such words being claimed to be descriptive merely), no right of rescission, by reason of breach of warranty, exists in the case of an executed sale, at least unless fraudulent.

Plaintiff does not necessarily take issue with defendant upon the two propositions of law last stated. Plaintiff, however, does not claim a warranty, but relies upon the alleged fact of misrepresentation external to the contract, with respect to facts material thereto and inducing the same. In such cases the rule is that misrepresentation may be shown, not for the purpose of adding to or varying the terms of the contract, but to show that the contract was obtained by misrepresentation, and so gave the right to rescind on that ground. Peck v. Jenison, 99 Mich. 326, 329, 58 N. W. 312. There was evidence tending to show that the machine was represented as having 30 horse power, and that this representation was material, and that the plaintiff made the contract in reliance upon it; and, as already said, there was evidence tending to show that this representation was untrue. There was, however, no express testimony that defendant knew when the representations were made that they were untrue.

Plaintiff contends that proof of defendant's knowledge of the falsity of its representations is not necessary to entitle him to rescind, and relies upon the proposition that the vendee in a contract of purchase of goods may, at his own election, rescind the contract on discovering the falsity of the representations inducing it, and recover the purchase price paid, even though such misrepresentations were honestly made.

Under the common-law rule, an innocent misrepresentation or concealment of the truth is not recognized as ground, in an action at law, for the avoidance of a contract of sale, unless, perhaps, the representations were such as to show that there was a complete difference in substance between what was supposed to be and what was taken, so as to constitute a failure of consideration; the rule being that a misrepresentation, in order to justify a rescission, must have been made either with knowledge of its falsity or without belief in its truth, although there has been on the part of the common-law courts a strong tendency to bring any statement which was material enough to effect consent, if possible, into the terms of the contract. 2 Mechem on Sales, §§ 863, 875. In the courts of equity, however, material misrepresentations, though without knowledge of their falsity on the part of the vendor, were early held to give the right of rescission. 2 Mechem on Sales, §§ 863, 875 and following, section 931 and following. Derry v. Peek, 14 App. Cas. 337; Benjamin on Sales (5th Ed.) p. 437; McFerran v. Taylor, 3 Cranch, 270, 2 L. Ed. 436; Smith v. Richards, 13 Pet. 26, 10 L. Ed. 42. See, also, Turner v. Ward, 154

U. S. 618, 14 Sup. Ct. 1174, 23 L. Ed. 391; Kell v. Trenchard, 142 Fed. 16, 23, 73 C. C. A. 202. By the decisions of the Supreme Court of Michigan material misrepresentations as to an existing fact, however honestly made, inducing a contract of purchase, give the right to rescind both in equity and at law, as well as action at law for damages (Totten v. Burhans, 91 Mich. 495, 499, 51 N. W. 1119; Holcomb v. Noble, 69 Mich. 396, 37 N. W. 497; Busch v. Wilcox, 82 Mich. 315, 46 N. W. 940; Ripley v. Case, 86 Mich. 261, 49 N. W. 46; Webster v. Bailey, 31 Mich. 36, 42; Converse v. Blumrich, 14 Mich. 109, 123, 90 Am. Dec. 230); and in a few of the other states the same rule seems to prevail. The courts of the United States do not seem to have gone to the full extent of holding that untrue representations made by a vendor in absolute good faith and in an honest belief in their truth will, when not amounting to a breach of condition precedent or a warranty, justify a suit at law for the recovery of the purchase price upon rescission by the mere act and election of the vendee and without the aid of a court of equity. See, however, Hindman v. First Nat'l Bank, 112 Fed. at page 944, 50 C. C. A. 623, 57 L. R. A. 108. It is enough for the purposes of this opinion to say that it is the rule in the courts of the United States, not only that a statement recklessly made without knowledge of its truth is a false statement knowingly made (Cooper v. Schlesinger, 111 U. S. 148, 4 Sup. Ct. 360, 28 L. Ed. 382); but that fraud may be predicated of a vendor who makes material untrue representations in respect to his own business or property for the purpose of their being acted upon, and which are in fact relied upon by the purchaser, the truth of which representations the vendor is bound and must be presumed to know; and that where the representations are material, and are made by the vendor for the purpose of their being acted upon, and relate to matters which he is bound to know or is presumed to know, his actual knowledge of their being untrue is not essential (Lehigh Zinc & Iron Co. v. Bamford, 150 U. S. 665, 673, 14 Sup. Ct. 219, 37 L. Ed. 1215). To prevent a false statement being fraudulent there must, to say the least, have been not only an honest belief in its truth, but an honest effort to ascertain the truth. As stated by Judge (now Mr. Justice) Lurton, in Hindman v. First Nat'l Bank, supra:

"A representation in respect to a matter with the intent. to. influence the conduct of another implies necessarily the belief of the party making it that the statement is true. If the fact be one within his means of knowledge, and he have no knowledge of the fact, a jury will be authorized to believe that the statement was knowingly false."

And as said by the same judge in Simon v. Goodyear Metallic Rubber Shoe Co., 105 Fed. 573, 580, 44 C. C. A. 612, 52 L. R. A. 745, which was an action for fraud and deceit in procuring a sale:

"It was not of the essence of his case that he (the defendant) knew his representations to be false. If he made the representations, which it is claimed he did make, with the intent of procuring the contract in question, and with the intent that the plaintiff should act upon it, without knowledge as to whether it was true or not, it would be a false representation within the rule."

See, also, Moline Plow Co. v. Carson, 72 Fed. 387, 392, 18 C. C. A. 606; Schagun v. Scott Mfg. Co., 162 Fed. 209, 222, 89 C. C. A. 189; McRae v. Lonsby, 130 Fed. 17, 64 C. C. A. 385. The principles of these decisions would seem to be specially applicable here, for the vendor was also the manufacturer. It certainly is not too much to ascribe to a manufacturer of an article knowledge of its inherent qualities. His representation, therefore, as to a quality that is not readily discernible by others ought at least prima facie to charge him with both knowledge and a purpose to influence the sale. It follows that the plaintiff should have been permitted to go to the jury upon the question whether the defendant made the alleged misrepresentations fraudulently, within the definition of that term as given in the authorities we have cited.

It is urged that the plaintiff unreasonably delayed in exercising his option to rescind. The order for the machine was given September 8, 1905. It was shipped about the middle of the next month. Complaint as to the power and weight of the machine was immediately made, and the defendant during the next month sent its expert to Omaha to examine and remedy the defects in the machine. Negotiations as to the remedying of those defects were continued until the following February. There was testimony tending to show that plaintiff did not learn until February that the machine had less than 30 horse power; that the defendant thereafter agreed to send within 30 days the necessary parts to bring the machine up to 30 horse power, and that if it failed to do so it would take the car back and give plaintiff a later model; that defendant continued its promises to send new parts and to excuse its delay until in April, when it stated that it would send a man with the new parts not later than May 10th. On May 24th plaintiff offered to return the machine and demanded back his money, none of the new parts having been received up to that time. Acquiescence and waiver are always questions of fact, and where set up to defeat rescission the burden is upon the defendant to make it out. Mudsill Mining Co. v. Watrous, 61 Fed. 163, 186, 188, 9 C. C. A. 415; Pence v. Langdon, 99 U. S. 578, 25 L. Ed. 420. Under these circumstances, the question whether the option of rescission was exercised within a reasonable time was one of fact for the jury.

It is also urged that plaintiff, after his alleged rescission, exercised control over the car inconsistent with such rescission. This proposition is predicated upon an advertisement published in a newspaper, offering the car for sale. If such act was an exercise of ownership inconsistent with rescission, the right thereto was waived. Thomas China Co. v. C. W. Raymond Co., 135 Fed. 25, 67 C. C. A. 629. Plaintiff claims, however, that this advertisement was of a humorous nature, and designed to "clear up the chagrin" he had suffered, and that he did not expect to sell the car. We are not prepared to say that this statement may not be true. We think there was room for a question of fact upon the proposition whether the advertisement evidenced a claim of ownership inconsistent with the claimed rescission.

The objection is also made that the statement of the salesman Meigs

was not sufficient evidence to prove his authority as agent. The cases relied upon by defendant, of which Bond v. Pontiac, O. & Pt. A. R. R. Co., 62 Mich. 643, 29 N. W. 482, 4 Am. St. Rep. 885, is a type, relate only to the assertions of the alleged agent as to his authority, made by acts or conduct out of court. They have no pertinency to the testimony of the agent as a witness upon the trial.

It is also objected against the plaintiff's right of recovery that he failed to surrender certain accessories purchased with the car. There was testimony tending to show that the accessories in question were not purchased from defendant, but were bought from the local company with which Mr. Metzger was connected; the plaintiff disclaiming the right to recover for these accessories. The plaintiff was not required to return to defendant goods not bought from the latter.

It is also insisted that the alleged deficiency in power was not such as to justify rescission, for the assigned reason that plaintiff might have procured from defendant or elsewhere parts which would remedy the difficulty. In our opinion the case is readily distinguishable from Pullman Co. v. Metropolitan Ry. Co., 157 U. S. 94, 15 Sup. Ct. 503, 39 L. Ed. 632, in that the latter case involved only an implied warranty, the vendee had accepted the cars, had demanded of the vendor that it make the brakes sufficient, and had expressed its willingness to pay for the cars as soon as the brakes were so put in proper condition, and the vendor had expressed willingness to make the brakes good. It was shown, moreover, that the defects in the brakes could be readily supplied by the vendee with little expense and without unreasonable exertion by the addition of a well-known and readily obtained brake, the cost of which was held, under the circumstances, to be the most that the vendee could claim in reduction of the purchase price of the cars; while in the case we are considering a material false representation is relied upon, and it does not conclusively appear that plaintiff could have satisfactorily remedied the defect.

It results from these views that the judgment of the Circuit Court must be reversed, and a new trial ordered.