## GIBBENS v. BOURLAND.

(Court of Civil Appeals of Texas. San Antonio. Feb. 28, 1912. Rehearing Denied March 27, 1912.)

**1. JUDGMENT (§ 518*)—WRIT OF ERROR—DIRECT ATTACK.**

A writ of error sued out to obtain a review of a judgment is a direct attack on the judgment, and it will be set aside, when unsupported by pleadings good as against a general demurrer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 961, 962; Dec. Dig. § 518.*]

**2. PLEADING (§ 216*)—PETITION—SUFFICIENCY AS AGAINST DEMURRER.**

The court, in passing on a general demurrer to a petition, must consider everything as properly alleged which by reasonable construction is embraced within the allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

**3. FRAUD (§ 41*) — PETITION — SUFFICIENCY.**

A petition, in an action by a seller against the buyer and a third person for the unpaid price, which alleges a sale to the buyer, that the third person vouched for the credit of the buyer, and stated that he was a reliable man and would pay his debts promptly, that, relying on the representations, the seller consummated the sale, that the representations were untrue, and that the seller was deceived thereby, states a cause of action against the third person, as against a general demurrer.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. § 41.*]

**4. FRAUD (§ 13*)—FALSE REPRESENTATIONS—LIABILITY.**

A person, who states as of his own knowledge material facts by which another is induced to act to his injury, is liable, where the representations are false, though the person making them believed them to be true.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

**5. FRAUD (§ 27*)—FALSE REPRESENTATIONS—LIABILITY.**

A person who recommends another as worthy of credit, either voluntarily or in answer to inquiry, is guilty of fraud, where the recommendations are false, and known to be so; and the person injured thereby may recover therefor.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. § 27.*]

**6. FRAUD (§ 13*)—FALSE REPRESENTATIONS—LIABILITY.**

A party who recklessly makes misrepresentations as to material facts, having no knowl-

edge nor belief on the subject, is liable as if the representations are made with intent to deceive.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

**7. FRAUD (§ 4*) — FALSE REPRESENTATIONS—LIABILITY.**

An unqualified affirmation of a fact amounts to an affirmation as to one's own knowledge, and where the fact does not exist, and the person affirming it states of his own knowledge that it does, the law imputes to him a fraudulent purpose.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 2; Dec. Dig. § 4.*]

**8. FRAUD (§ 61*)—EXEMPLARY DAMAGES—INTEREST.**

Where there was a fraudulent combination between a buyer and a third person to defraud a seller, which was consummated when the chattel was delivered by the seller and the conversion thereof made possible, interest on the amount due on the price was properly allowed from the time of the delivery, by way of punitive damages for the fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 63; Dec. Dig. § 61.*]

Error to Uvalde County Court; T. M. Milam, Judge.

Action by F. G. Bourland against G. N. Gibbens and another. There was a judgment for plaintiff, and defendant Gibbens brings error. Affirmed.

Love & Williams, for plaintiff in error. John W. Hill, for defendant in error.

FLY, J. Defendant in error sued G. B. Ketchum for the sum of $390, alleged to be due as a balance on the purchase money for a certain race horse sold by defendant in error to said Ketchum, and joined plaintiff in error in the suit. Neither of the parties appeared, and judgment by default was taken against both for the amount of the debt. The judgment was rendered on May 16, 1911, and on June 21, 1911, an application was filed by plaintiff in error for a writ of error to this court, and the proper bond was given.

The petition, on which the judgment by default is based, alleged that the horse was sold by Bourland to Ketchum for $500, on which sum he paid $110, and that part of the petition alleging the liability of Gibbens is as follows: "Plaintiff says: That the defendants, Ketchum and Gibbens, inspected, examined, and tested the said horse, and after so doing agreed that he was satisfactory, and in all things accepted him for the stipulated price of $500. That said sale was partly for cash and partly on a credit, and the plaintiff at said time was a stranger and unacquainted with the defendant Ketchum, and refused to consummate the sale on said terms; but the defendant Gibbens, who was well known to plaintiff, urged the plaintiff to make the sale to the said Ketchum, representing to plaintiff at the time that it was a good sale, and that Ketchum was a thoroughly reliable and trustworthy man, and would pay his debts promptly, and in all

things live up to his contract. That believing and relying upon the representations of the said Gibbens so made to him, and believing that the said Ketchum would pay him as per their contract, the plaintiff here now alleges that the representations of the said Gibbens were untrue, and plaintiff was deceived thereby, and was induced to part with his horse, with a balance of $390 due on the purchase price thereof, and but for the said representations and assurances of the said Gibbens he would not have so parted with his horse; and plaintiff alleges that because of the said representations of said Gibbens he has been and is damaged in the sum of $390, with 6 per cent. interest thereon since April 22, 1910, and that said Gibbens is liable to plaintiff therefor equally with the defendant Ketchum." Those were all of the allegations contained in the petition in reference to the liability of plaintiff in error, and the only issue is: Do they form a sufficient basis for a judgment by default?

[1, 2] This being a writ of error, sued out in order to obtain a review of the judgment, is not a collateral, but a direct, attack on the judgment. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. It has been held that in a collateral attack a judgment will not be void, because it is founded on a petition subject to general demurrer. Moore v. Perry, 13 Tex. Civ. App. 204, 35 S. W. 838. But on appeal or writ of error a judgment unsupported by pleadings good as against a general demurrer will be set aside. Hall v. Jackson, 3 Tex. 305; Johnson v. Davis, 7 Tex. 173; Kimmarle v. Railway, 76 Tex. 686, 12 S. W. 698; Johnson v. Dowling, 1 White & W. Civ. Cas. Ct. App. § 1091. The petition does not allege that Gibbens was the agent of Ketchum, that he was interested in the purchase of the horse, or, in terms, that he colluded or conspired with Ketchum to purchase the horse; but the allegation merely is that Gibbens vouched for the credit and financial standing of Ketchum, and stated that Ketchum was a thoroughly reliable man, and would pay his debts promptly, and that, believing and relying on the representations of Gibbens, Bourland consummated the trade. It was further alleged that the representations were untrue, and that Bourland was deceived thereby, and induced to part with his property. The petition is very defective in its allegations and would not withstand an attack by special exception, but under fire from a general demurrer every intendment must be resolved in favor of it. In passing upon the petition as tested by the general demurrer, the court should consider everything as properly alleged which by reasonable construction is embraced within the allegations contained in the petition. Martin v. Brown, 62 Tex. 467; Railway v. Morris, 68 Tex. 49, 3 S. W. 457; Pennington v. Schwartz, 70 Tex. 211, 8 S. W. 32;

Railway v. Hinzie, 82 Tex. 623, 18 S. W. 681.

[3] Applying the foregoing rule to the petition in this case, the allegation that Gibbens knew his representations were untrue carried with it the intendment that it was untrue; that Gibbens knew that in fact and in truth Ketchum was not reliable and would not pay his debts or live up to his contracts. Such allegations, coupled with the others made in the petition, would, we think, make Gibbens liable for the debt that Ketchum would not pay. The only Texas case cited by defendant in error is one in which the false representations were made by an agent, and the court held the principal bound by the representations, and there are some authorities cited and approved in that case (Cleghon v. Barstow Irrigation Co., 41 Tex. Civ. App. 531, 93 S. W. 1020) that are decidedly in point. One is the case of Weatherford v. Fishback, 3 Scam. (Ill.) 170, in which an officious intermeddler, without deriving any benefit to himself from the false statements, pointed out land as being that which a certain person wanted to sell, when it was not, and the intending purchaser relied on what he said, and bought land, but not that pointed out. The Illinois court held that the intermeddler was liable, holding: "The ground of action is the fraud, the intention to deceive, and whether it be from any expectation of advantage to the party himself, or from ill will towards the other, is held to be immaterial." In the Texas case it is said: "If the false misrepresentations and statements were made as alleged, with intent that appellant should act thereon, and if such representations were within the scope of the agent's authority, or apparent authority, and were made fraudulently and with intent to deceive, then appellee would be liable for the natural consequences, although they may not have been in the mind of the agent at the time. In other words, though the precise manner in which the injury resulted may not have been contemplated by the agent, if the injury shown was one of the natural consequences of the wrong done, appellee's liability remains the same as if the particular consequences intended by the agent at the time had followed. Nor, in such case, is it necessary that appellee should have been a party to the contract which resulted in the loss, or that appellee should be benefited by the deceit, or should have colluded with the person who did receive the benefit. Regardless of any trust relation in its technical sense, wherever confidence is reasonably reposed, the law exacts frankness and truthfulness."

[4] If a person states as of his own knowledge material facts, by which another is induced to act to his hurt, it is no defense to reply that, although the representations were false, the person making them believed

them to be true. Totten v. Burhans, 91 Mich. 495, 51 N. W. 1119; Litchfield v. Hutchinson, 117 Mass. 195; Milliken v. Thorndike, 103 Mass. 382. The rule stated is sustained by the weight of American authority, although some cases in New York are not in full accord with it.

[5] Where a person recommends another as worthy of credit, either voluntarily or in answer to inquiry, if the recommendations are false, and known to be so, they amount to a fraud, and if another is injured thereby he may recover. Sutherland on Damages, § 1166.

[6] When a party recklessly makes misrepresentations as to material facts, having no knowledge and no belief on the subject, he will be bound, if the misrepresentations are made with intent to deceive. The rule is thus stated in Cahill v. Applegarth, 98 Md. 493, 56 Atl. 794, by the Supreme Court of Maryland: "If the party does not bona fide believe in the truth of the statement made by him, or if he pretends to have knowledge of what he speaks, which he must have known that he did not have, or was utterly indifferent and reckless as to whether it was true, or had no reasonable ground to believe it was, or falsely asserts a material fact to be true of his own knowledge, and such representations be made for a fraudulent purpose, and he thereby induces another to act to his prejudice, he commits a fraud which will sustain an action for deceit." See, also, Watson v. Jones, 41 Fla. 241, 25 So. 678.

[7] An unqualified affirmation of a fact amounts to an affirmation as of one's own knowledge, and if the fact does not exist, and the party affirming it states of his knowledge that it does, the law imputes to him a fraudulent purpose. Hamlin v. Abell, 120 Mo. 188, 25 S. W. 516; Kirkpatrick v. Reeves, 121 Ind. 280, 22 N. E. 139; Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L. R. A. 149, 18 Am. St. Rep. 485; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Hubbard v. Weare, 79 Iowa, 678, 44 N. W. 915; Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726. In the Missouri case, and in the New York case cited, the representations were made as to the financial standing and solvency of certain parties, and in the New York case it was said by the Court of Appeals: "He certainly meant to convey the impression of actual knowledge of the truth of the representations he made as to the value of the note, and he either knew such representations were false, or else, if he had no actual knowledge, while assuming to have, and intending to convey such impression, if damage ensue, this makes an actionable fraudulent representation."

In the petition on which the default was taken it was stated that plaintiff in error was acting with Ketchum in inspecting, examining, and testing the horse, and that they agreed he was satisfactory and accepted him. To that extent Gibbens was acting with Ketchum. He was busying himself in and about the transaction. The plain intendment is that he was interested in it, and, being interested, he urged the sale of the horse to Ketchum, stating as a positive fact, and not as a matter of belief or opinion, "that Ketchum was a thoroughly reliable and trustworthy man, and would pay his debts promptly, and in all things live up to his contract." The representations were false, and plaintiff in error must have known they were false, and made them to induce a sale, in which he had interested himself. If he did not know the character of Ketchum, then they were recklessly made, with the intent to influence the action of defendant in error, and they did influence such action, and he must be held liable for the consequences. The petition, those reasonable intendments being read into it which the law permits and authorizes, is good as against a general demurrer, and formed a sufficient support for the judgment by default.

[8] If, as we must presume, the evidence showed, in support of the judgment by default, there was a fraudulent combination between Gibbens and Ketchum to defraud defendant in error, it was consummated when the horse was delivered, and the conversion of the horse made possible, and the court properly allowed interest on the amount due on the horse from the time he was delivered to Ketchum. It was properly awarded by the court as a punishment for the unlawful conduct of plaintiff in error. It was not an incident of the debt, but was allowed by way of punishment for the fraud, delinquency, or injustice done by the debtor to the creditor. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031.

The judgment is affirmed.