KETCHUM v. BOURLAND et al.

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912.)

PROCESS (§ 33*) — COPY OF CITATION — SUFFICIENCY.

A copy of a citation served on defendant, which shows that the petition was filed February 23, 1911, for the May term, 1911, and which requires defendant to appear on the third Monday, followed by the letters "Febr May," one letter following the other in regular typewriter space lengths, is sufficient to require defendant to appear on the third Monday of May; the word "May" being written in bolder type than the letters "Febr."

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 12, 13, 27; Dec. Dig. § 33.*]

---

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by F. G. Bourland against G. B. Ketchum and another. From an order denying a motion of G. B. Ketchum for a new trial, on the ground that the service of process was void as to him, he appeals. Affirmed.

G. B. Fenley and Claude Lawrence, for appellant. Jno. W. Hill, for appellees.

FLY, J. F. G. Bourland sued appellant and G. N. Gibbens in the county court to recover of them $500, less a credit of $110, alleged to be due as purchase money for a horse, sorrel in color, "Crawford Sykes" by name, of distinguished lineage, and with "stocking legs." On May 16, 1911, being Tuesday next after the third Monday of May, appellant and Gibbens failing to appear, judgment by default was rendered against them, jointly and severally, for $390, with 6 per cent. interest from April 22, 1910. Gibbens applied for a writ of error to this court, and the judgment was affirmed as to him at a former day of this term of this court. 145 S. W. 274. Appellant, on May 22, 1911, filed his motion for a new trial, on the ground that the service was void as to him, because the purported copy of the citation which was served on him cited him to appear on the third Monday in February, 1911, which was not the term of court to which the citation was returnable. The motion was overruled, and appellant perfected this appeal.

The original citation was in proper form, and had indorsed on the back of it: "No. 646, County Court, Uvalde County, May Term, 1911. Citation, F. G. Bourland v. G. N. Gibbens, G. B. Ketchum. Issued 23d day of February, 1911. Zena Dalrymple, County Clerk." The citation served on appellant was an exact copy of the original citation, except, as found by the county judge: "In the blank where the word 'May' was written in the original citation (and on which was the officer's return) appears on the copy served on the defendant, according to his motion, as follows: 'Febr May'—one letter following the other in regular typewriter space lengths, the letters 'Febr' not being in as heavy type or so plain as the word 'May,' which was stamped or written in heavier and bolder type. Exhibit B of said motion was a certified and true copy of plaintiff's petition, which showed that the same was filed February 23, 1911, and had written in the face thereof: 'In the County Court of Uvalde County, Texas, May Term, 1911.'" The date of the filing of the suit was after the third Monday in February, and the citation was clear enough to indicate to appellant the term of court at which he should appear. The citation clearly, as found by the trial court, notified appellant to appear at the May term of the court, which was the "next regular term thereof," as stated in the citation. The dimly written letters "Febr" did not obscure or render uncertain the plainly written word "May."

The judgment is affirmed.