D. C. KNAPP, Appellant, v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Respondent.

(173 N. W. 945.)

**Actions — Former adjudication not avoided by commencing new action in different county.**

A party may not evade the force and effect of a former adjudication by commencing a second action in a different county, or by changing the form of his complaint.

Opinion filed July 23, 1919. Rehearing denied September 8, 1919.

Appeal from the District Court of Ward County, Honorable K. E. Leighton, Judge.

Affirmed.

F. B. Lambert, for appellant.

"In order for the first judgment to be binding the issues must be the same in both cases." Noyes v. Belding (S. D.) 62 N. W. 953; Fahey v. Esterly Mach. Co. 3 N. D. 223.

"A bill of lading is an instrument of a twofold character. It is at once a receipt and a contract. In the former character it is an acknowledgment of the receipt of property on board his vessel by the owner of the vessel. In the latter it is a contract to carry and deliver. The receipt of the goods lies at the foundation of the contract to carry and

deliver. If no goods are actually received there can be no valid contract to carry and deliver." Citing King v. The Lady Franklin, 75 U. S. 325, 19 L. ed. 455; Pollard v. Winton, 105 U. S. 7, 6 L. ed. 998; Reeves v. Bruening, 13 N. D. 157; Alsterberg v. Bennett, 14 N. D. 596.

Parol evidence was inadmissible. National Bank v. Lang, 2 N. D. 66; Hutchinson v. Cleary, 3 N. D. 270; 1 Hutchinson, Carr. 3d ed. §§ 158, 160; N. W. Fuel Co. v. Burns, 1 N. D. 137; Prairie Twp. v. Haselen, 3 N. D. 328.

*Greene & Stenersen,* for respondent.

"A judgment on the same cause of action means a case where the same evidence will support both actions, though they happen to be granted on different writs. Thus, where the plaintiff sued in trespass for the taking of staves, and failed after trial on the merits on the ground that he had no right to the staves, he could not thereafter waive the tort and bring assumpsit on the same proof, the two actions being for the same cause." Rice v. King, 7 Johns. 21; Williamson v. C. P. R. I. & P. R. Co. 51 N. W. 62; 1 Freeman, Judgm. § 272; Jacobson v. Miller, 1 N. W. 1015; Roney v. Westlake, 9 Ann. Cas. 186.

"If upon the trial because of insufficiency in the proof there is a dismissal of the complaint, such a dismissal does not prevent the bringing of another action even for the same cause or upon the same or a different theory. Where, however, an action is tried and there is a dismissal upon the merits, the judgment entered upon such dismissal upon the merits is a bar to bringing a new action with respect to any and every issue that was necessarily involved, *or that should have been raised in that action."* Molder v. Wexler, 182 N. Y. 519, 87 N. Y. Supp. 400; 9 Ann. Cas. 188, note; Miller v. Manice, 6 Hill, 114.

Where there is an opportunity for full presentation of all the facts in the case, the party relying thereon must make a full disclosure thereof if known to him or suffer for a failure to do so. He cannot be permitted to conceal a part of his action or defense or to negligently overlook it, and thus prolong indefinitely the final settlement of the case. 122 N. W. 579; Zalesky v. Insurance Co. 114 Iowa, 516, 87 N. W. 428; Re Cook (S. D.) 122 N. W. 578; Sullivan v. Colby, 18 C. C. A. 193, 71 Fed. 460, 9 N. W. 726, 727; Board of Directors, etc. v. People, 189 Ill. 438, 59 N. W. 977; Re Assessment of Property, 206 Ill. 64, 60

N. E. 75; 9 Ann. Cas. 187; Roney v. Westlake, 216 Pac. 374, 9 Ann. Cas. 184.

ROBINSON, J.   On October 17, 1916, this action was commenced in Ward county to recover from defendant $960 for the loss of 1,000 bushels of wheat in August, 1910.   Aside from a general denial, the answer avers that the cause of action did not accrue within six years, and that in a former action, in the district court of Burke county, between the same parties for the same identical cause of action, after trial on the merits, it was by the court duly adjudged that the action be dismissed on its merits.   In this case the court sustained the plea of a former adjudication and dismissed the action.   The case was before this court, as shown by the reports, 34 N. D. 466–497, 159 N. W. 81. The first action was to recover from defendant for the loss of 1,000 bushels of wheat at 94 cents a bushel, with interest from November 1, 1910.   It is manifest that each action was brought for the same identical cause, by the same plaintiff against the same defendant, to recover for the loss of the same wheat.   In each case the parties and the cause of action are identical.   In such a case a party may not evade the force and effect of a former adjudication by varying the form of the complaint or by bringing actions in different counties.

It also appears that this action was not brought within six years from the date the cause of action accrued.

Judgment affirmed.

BRONSON, J.  I concur in the result.

GRACE, J.  I dissent from the result arrived at in the majority opinion.

CHRISTIANSON, Ch. J. (concurring specially).   This is a sequel to Knapp v. Minneapolis, St. P. & S. Ste. M. R. Co. 34 N. D. 466, 159 N. W. 81.   As appears from the reported case, the plaintiff sought to recover damages for certain wheat which he asserted was lost by reason of the negligence of the defendant and its employees.   As stated in the opinion in that case, the evidence indisputably established that the grain was lost while the shipments were under the control and in the

custody of the Des Lacs Lake Navigation Company, and before they were delivered to the defendant. The plaintiff, however, offered certain evidence tending to show that one Cole, an agent of the defendant railway company, had agreed that the defendant would assume all liability for such shipments while in the possession of the Navigation Company. This court held that this evidence was variant from and inadmissible under the complaint, but expressed no opinion upon the question whether plaintiff might maintain an action against the plaintiff upon special contract. 34 N. D. 491. The plaintiff thereafter instituted this action, and alleges in his complaint that Wm. Cole, a general agent of the defendant company, induced him to open certain elevators along the banks of Des Lacs lake and "promised and agreed with the plaintiff that said defendant would become personally liable for the safe delivery of all grain shipped by said plaintiff from said points until the point of destination, including the transportation down the lake and from each one of said landings;" that plaintiff in relying upon said agreement "shipped grain on the boats of said Des Lacs Lake Navigation Company and over the lines of said defendant railway company;" and that from the time of the shipment of such grain from the different shipping points the defendant, its agents, and servants, or the agents and servants of the Des Lacs Lake Navigation Company over whose line of boats it agreed to transport said grain, had full and exclusive control thereof; that the defendant failed to deliver to the terminal points mentioned in the several bills of lading, 1,000 bushels of grain delivered by plaintiff at the several lake points. The defendant answered denying the alleged contract, and disclaiming all liability. It alleged that the loss of grain occurred while such grain was in the custody and control of the navigation company and before it came into the custody and control of the defendant. The answer further pleaded the judgment in the former action as a bar. It further averred that the plaintiff had notice and knowledge of all the matters set forth in his present complaint at the time of the former action, and therefore was estopped to maintain the present action.

The case came on for trial before the court and a jury. The parties entered into a written stipulation whereby a transcript of the evidence introduced upon the trial of the case reported in 34 N. D. 466, was received in evidence. The plaintiff offered no further evidence what-

soever. The defendant introduced the judgment roll in the former action. This was all of the evidence. Both plaintiff and defendant thereupon moved for a directed verdict. The plaintiff's motion was made upon the ground that plaintiff had fully proved each and every allegation of the complaint, and that no defense had been set up, that the rights of the plaintiff were clear in the premises, and that he was entitled to the judgment prayed for in the complaint. The defendant's motion was based upon the grounds: (1) That the evidence was insufficient to establish that a special contract had been entered into, whereby defendant had assumed liability for plaintiff's grain while the same was being transported on the boats of the Des Lacs Lake Navigation Company; (2) that the judgment in the former action was a bar; and (3) that the undisputed evidence showed that the grain in question was delivered to, and received by, the Des Lacs Lake Navigation Company, an independent common carrier, and that under the Carmack Amendment to the Commerce Act, the initial carrier was liable for the loss of shipments, and that consequently plaintiff's action must be maintained against the navigation company. After the motions had been submitted the trial court said: "I will grant the motion made by the defendant at the close of all the testimony." Later the trial court made findings of fact relating to the proceedings had in the former action and concluded that the judgment therein was bar; and also "that the defendant is entitled to judgment upon the proofs adduced and upon the record in said former action." Judgment was entered in favor of defendant for a dismissal, and plaintiff has appealed.

The writer prepared the opinion for the court in Knapp v. Minneapolis, St. P. & S. Ste. M. R. Co. 34 N. D. 466, 159 N. W. 81. Some of the evidence adduced is referred to in that opinion. The question there was the sufficiency of the evidence to sustain the cause of action there alleged. The members of the court were of the opinion that the evidence did not establish such cause of action. They were also of the opinion that the right to recover under a special contract was not before the court, and that all evidence as to such special contract was variant from, and inadmissible under, the complaint. The sufficiency of the evidence to establish such contract was not before the court, and no opinion was expressed thereon. Of course it was assumed that if another action was maintainable and brought on such special contract,

that that question would be fully tried in the new suit. But as already stated the parties have merely reintroduced the evidence adduced upon the trial of the former action. And the first ground of defendant's motion for a directed verdict challenges the sufficiency of such evidence to establish the special contract upon which liability is predicated.

The plaintiff testified that Cole, the agent of the defendant company, informed him of the elevators at the lake points. The plaintiff thereafter made a trip on one of the boats of the navigation company with Von Neida, the manager thereof. 34 N. D. 477, 478. The plaintiff testified that after he had made this trip, Cole called him up on the telephone.

He said: "He [Cole] wanted to know if I was—what I thought about the elevators on the lake, and I told him I was not very well impressed with them. I says I went on the trial trip with Von Neida, but while he assured me they would have no trouble in getting the stuff down there, still I did not feel very well pleased with the looks of their boats, but he assured me that everything would be lovely, and they would get the grain out."

Q. "Who would?"

A. "Mr. Cole for the Soo Line."

Q. "What did he say?"

A. "I told him I would not take charge of the houses there unless he would guarantee me to get the stuff out, and he said *that they would do everything possible to get it out.*"

The plaintiff further testified that Cole told him that the bills of lading would read from the lake points, but would be given at Kenmare.

The form of the shipping receipts used was set forth in 34 N. D. pp. 475, 476. The receipts were made upon a printed form of the defendant railway company, but the name of the "Des Lacs Lake Navigation Company" was written in and appeared on the face of each receipt. All the receipts issued to the plaintiff contained, among others, the following conditions:

"Section 2. In issuing this bill of lading this company agrees to transport only over its own line, and except as otherwise provided by law acts only as agent with respect to the portion of the route beyond its own line. No carrier shall be liable for loss, damage, or injury not occurring on its own road or its portion of the through route, nor after

said property has been delivered to the next carrier, except as such liability is or may be imposed by law, but nothing contained in this bill of lading shall be deemed to exempt the initial carrier from such liability so imposed."

"Section 5. . . . Property destined to or taken from a station, wharf, or landing at which there is no regularly appointed agent shall be entirely at risk of owner after unloaded from cars or vessels or until loaded into cars or vessels, and when received from or delivered, on private or other sidings, wharves, or landings shall be at owner's risk until the cars are attached to, and after they are detached from, trains."

The evidence shows that in the latter part of October, 1910, the plaintiff caused a claim to be presented against the Des Lacs Lake Navigation Company for the loss of the identical wheat in question. It is true plaintiff claims that he did this at the suggestion of the attorney who represented the defendant and the navigation company; but such attorney contradicted plaintiff's testimony on this point. It may also be mentioned that plaintiff caused certain affidavits to be prepared in his claim against the navigation company. In such affidavits the amount of wheat lost is fixed at 500 bushels, but in the complaint in this and the former suit against the defendant railway company the amount is fixed at 1,000 bushels.

It will be noted that the only positive promise on the part of Cole testified to by plaintiff is "that they would do everything possible to get it [the wheat] out." Nowhere is there any express promise on the part of Cole that the defendant would be responsible for the shipments while they were under the custody and control of the navigation company. The recitals in the shipping receipts were to the contrary. It seems to me that the evidence does not establish an agreement on the part of the defendant to be responsible for the grain shipments while they were being transported by the navigation company. In any event the evidence upon that question is very slight. When the parties moved for directed verdicts they impliedly consented to a disposition of the case without the aid of a jury. The trial court granted the motion of the defendant. The motion might very properly have been granted upon the first ground thereof, viz., that the special contract had not been sufficiently proven. This being so, it is immaterial whether the court was right or wrong in holding that the former decision was a bar to

this action. For "the right of the court to direct a verdict depends upon the state of the evidence when such action is taken. And if such action was proper, it would be sustained, even though the court might give a wrong reason for the course taken." Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585; Joslyn v. Cadillac Automobile Co. 101 C. C. A. 77, 177 Fed. 863; Millsaps v. Nixon, 102 Ark. 435, 144 S. W. 915; Wilson v. Michigan C. R. Co. 94 Mich. 20, 53 N. W. 797; Tobin v. McKinney, 14 S. D. 52, 91 Am. St. Rep. 688, 84 N. W. 228.